UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY ARMSTRONG, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-02786-JPH-DLP |
| WENDY KNIGHT Warden, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Jeffrey Armstrong for a writ of habeas corpus challenges a prison disciplinary proceeding identified as BTC 18-12-0089. For the reasons explained in this Entry, Mr. Armstrong's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On December 6, 2018, Investigator Stroud issued a report of conduct charging Mr. Armstrong with a violation of Code B-213, threatening/harassing or intimidating. Dkt. 10-1. The report of conduct states:

> On November 5, 2018, the Office of Investigations and Intelligence received reports of a possible Possession of Offensive Materials case from Case Manager S. Darland. Offender Armstrong #195769 dictated a hand written letter about S. Darland and turned it over to her. In this letter offender Armstrong #195769 makes reference to case manager S. Darland's last name several times and speaks of her beauty. Throughout this letter you will find sexual overtones toward S. Darland, the IDOC has zero tolerance for this type of sexual harassment.

*Id.*

A report of investigation of incident was issued that states:

> On November 5, 2018, the Office of Investigations and Intelligence received reports of a possible Possession of Offensive Materials case from Case Manager S. Darland. Offender Armstrong #195769 dictated a hand written letter about S. Darland and turned it over to her. I&I was given this letter for evidence and from within this letter I, (B. Stroud) was able to recognize a true safety concern. This offender was placed in our Restricted Housing Unit (RHU) and all case information was turned over to this office where I, (B. Stroud) assumed the role of lead investigator.
>
> Through evidence obtained offender Armstrong #195769 will receive a conduct report for Threatening/Harassment 213-B at this time this case will be closed founded.

Dkt. 10-2.

Mr. Armstrong's letter states:

> If you don't know, O most beautiful woman,
> you are as exciting my darling,
> for your voice is pleasant,
> and your face is lovely,
> your hair falls in waves,
> your smile is flawless,
> you are altogether beautiful, my darling,
> beautiful in every way.
> You have captured my heart,

>you hold it hostage with one glance of your eyes,
>Even among queens and countless women,
>I would still choose you my darling,
>you are slender like a palm tree,
>I said, "I will climb the palm tree and take hold of it's fruit.
>When I look at you,
>Im greatfully delighted with what
>I see,
>my most beautiful darling!

Dkt. 10-4 (errors in original).

Mr. Armstrong was notified of the charge on December 14, 2018, when he was served with the report of conduct and the notice of disciplinary hearing (screening report). Dkt. 10-5. Mr. Armstrong did not request any witnesses but did request the "evidence from incident." *Id*. The confidential Intelligence and Investigations report was produced for review by the hearing officer. Dkt. 11 (*ex* parte). The report included information from multiple employees and other sources, providing background and context to Mr. Armstrong's letter. *Id*.

The hearing officer conducted a disciplinary hearing on December 26, 2018. Dkt. 10-7. The hearing officer noted Mr. Armstrong's statement that, "This was copied out of the Bible. It was to my kid's mother." *Id*. He submitted a page from the Song of Songs, a book of the Old Testament. Dkt. 10-8. Based on the staff reports, the letter, and the Investigations and Intelligence report, the hearing officer found Mr. Armstrong guilty of the Code B-213 violation. *Id*. The hearing officer explained, "The DHO has decided there is sufficient evidence for a guilty finding. The letter was given to Miss Darland the case manager and not sent in the mail to his kid's mother." *Id*. The sanctions imposed included a restriction of privileges, disciplinary segregation (suspended), the deprivation of 60 days of good-time credit, and the demotion of one credit class (suspended). *Id*.

Mr. Armstrong's appeals to the Facility Head and Final Review Authority were denied.

Dkts. 10-9, 10-10, 10-11, 10-12. This habeas action was filed on July 8, 2019. Dkt. 1.

**C.    Analysis**

Mr. Armstrong alleges that his due process rights were violated in the disciplinary proceeding. His only claim is a challenge to the sufficiency of the evidence.

"Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016)) (quoting *Hill*, 472 U.S. at 455-56)); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The hearing officer found that Mr. Armstrong had violated Code B-213, which is defined as:

> Engaging in any of the following:
>
> 1.     Communicating to another person an intent to physically harm, harass or intimidate that person or someone else.
>
> 2.     Communicating an intent to cause damage to or loss of that person's or another person's property.
>
> 3.     Communicating an intent to intentionally make an accusation that he/she knows is untrue or false.

Dkt. 10-13 at 5.

The letter written by Mr. Armstrong was considered a form of harassment, sexual harassment, under part 1 of the offense. The letter's description of the recipient as "slender like a palm tree" and statement that "I will climb the palm tree and take hold of it's fruit" is sufficient to support the charge. The confidential report reveals additional information about the conversation

4

between Ms. Darland and Mr. Armstrong concerning her last name, and about how Ms. Darland felt about the letter. Dkt. 11 (*ex parte*). The hearing officer was entitled not to believe Mr. Armstrong's weak explanation about the letter being intended for the mother of his child. The letter speaks for itself, and Mr. Armstrong does not deny that he asked Ms. Darland to read it. The standard for "some" evidence was satisfied in this case.

Mr. Armstrong was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Armstrong's due process rights.

### D.    Conclusion

For the above reasons, Mr. Armstrong is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 4/27/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFREY ARMSTRONG
195769
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov